The opinion of the Court was afterwards drawn up by
Shaw C. J.
This writ of error is brought to reverse the judgment, on the ground of misjoinder of forms and causes of action, which cannot by law be joined. There is no doubt of the general rule of law, that a misjoinder of forms or causes of action, may be taken advantage of, either on general demurrer, in arrest of judgment, or by writ of error. It is also a general *250 rule, that where the same plea may be pleaded, and the same judgment given, on all the counts, they are well joined.
It is contended that some of these counts are in case and some in trespass ; and that for damage done by dogs accus tomed to bite sheep, case only will lie. This may be true. But looking at these counts, though somewhat inartificially drawn, yet they all do charge, that the defendant incited and set on the dog to kill and worry sheep of the plaintiff, and this sufficiently charges acts, which amount to trespass vi et armis. The gravamen in each count, is the inciting and setting on the dogs, which is an act of trespass, as much as if the injury had been done by the defendant with his own hand. The allegation that the dogs were accustomed to bite, and that he knew it, are not the gist of the action, and if not wholly immaterial, are charged as circumstances of aggravation only.
2. But it is further objected, that a count on the statute for double damages, cannot be joined with counts at common law for damage of like kind. It is difficult to perceive how either upon principle or authority this position can be maintained. The form of action is the same. The statute of 1812, c. 146, § 3, providing that the owner of a dog shall forfeit and pay double the damage done by such dog, further provides, that it may be recovered by action of trespass. • It only affects the rule for assessing damages. The plea is the same, and the judgment is the same, and therefore the case comes within the rule regulating the joinder of causes of action. So in effect it was held in Prescott v. Tufts, 4 Mass. R. 146, that a count in trespass at common law for pulling down an uninhabited house, was well joined with a count on the statute for the same offence, because the statute gave an action of trespass. So 2 Chitty’s Pleading, 187, after giving the form of a count, in debt on the statute for not setting out tithes, directs a count in debt, as for tithes bar gained and sold, being on an implied contract as at common law.[1]
It was further objected, that the damages were not formally assessed by the court, conformably to the statute. Whethei *251 this was so or not, does not appear by the record ; the presumption of law is, that the damages were legally assessed, and the contrary not appearing, no error appears in that respect.

Judgment affirmed.

 Worster v. Proprietors of Canal Bridge, 16 Pick. 541